## N. K. FAIRBANK CO. v. LUCKEL, KING & CAKE SOAP CO.

(Circuit Court, D. Oregon. July 15, 1898.)

TRADE-MARKS—UNFAIR COMPETITION.

One using "Fairbank's Gold Dust" as a name for washing powder is not entitled to enjoin the use by another of the words "Gold Drop," where the packages, though similar in size and shape, are totally dissimilar in the

style of letters used, the arrangement of words, and the designs of the respective labels, so that there is no likelihood of deceiving purchasers using any care whatever.

This was a suit in equity by the N. K. Fairbank Company against the Luckel, King & Cake Soap Company for alleged infringement of a trade-mark.

Fenton Bronaugh & Muir, for plaintiff.
Cake & Cake, for defendant.

BELLINGER, District Judge. This is a suit to restrain the infringement of the trade-mark "Gold Dust," used to designate a washing powder manufactured and sold on the market by the complainant company. The appropriation complained of consists of the use of the name "Gold Drop" to designate a washing powder manufactured and sold by the defendant company in packages similar in size and shape to those of complainant. The defendant's packages are dressed up in a manner wholly different from those of complainant, and there is no resemblance between the two, except what is furnished by the similarity in size and shape of the packages of the two manufacturers, and by the use of the word "Gold" on each. Complainant's packages are distinguished by the name "Fairbank's Gold Dust Washing Powder." The style of letters used, the arrangement of words, and the designs of the respective labels, are totally dissimilar. There is nothing in defendant's packages to deceive purchasers, and there is no likelihood of deception of a purchaser exercising any care whatever, much less of a purchaser exercising ordinary care. If a retail merchant delivers defendant's manufacture to a customer who supposes he is purchasing complainant's goods, the deception of such purchaser is due to his blind reliance upon the person with whom he deals. Any inspection of the package, however careless, will necessarily lead to a disclosure of its character and origin. Such imposition can occur irrespective of the name and appearance of the package sold. If such a deception is practiced, or is liable to be practiced, it does not afford ground for relief in equity. The test is whether the substituted package is, from its name and dress, calculated to deceive purchasers. The word "Gold" is one of three words in the name adopted by complainant, "Fairbank's Gold Dust" washing powder, while the name adopted by defendant is "Gold Drop" washing powder. It is the use of this one of the three words constituting the name adopted by plaintiff that is relied upon as the ground for relief. If, with this, the goods complained of were dressed up in such a manner as to induce intending purchasers to believe they were buying plaintiff's goods, the plaintiff would be entitled to the relief prayed for. But the total dissimilarity in the dress of the respective packages, and the absence of all imitative devices, makes it impossible, so far as appearances go, to mistake one manufacturer for the other. Careless and indifferent purchasers may have defendant's washing powder palmed off on them for that of complainant; but equity cannot interfere on that account to guard against the dishonesty of dealers, nor the failure of buyers to see what is plainly to be seen. It is only in a clear case that equity will inter-

fere to restrain the freedom of individuals in the conduct of their business. Complainant is not entitled to the relief prayed for, and the decree will be that the bill of complaint be dismissed.